IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Gregory Perry,<br>    Petitioner, | )<br>)<br>) |
| v. | )     1:17cv664 (LO/IDD) |
| | ) |
| Harold W. Clarke,<br>    Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION

Gregory Perry, a former Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a conviction of unlawful wounding entered in the Circuit Court of Chesterfield County. The matter comes before the Court on a Motion to Dismiss the petition filed by the respondent, to which petitioner has filed a response in opposition. For the reasons which follow, the Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

### I. Background

On February 9, 2015, following a jury trial, Perry was convicted of unlawful wounding and was sentenced to serve three years and six months in prison. Case No. CR14F02202-01; Resp. Ex. 1. The Court of Appeals of Virginia denied his appeal by a *per curiam* order on January 13, 2016. Perry v. Commonwealth, R. No. 0497-15-2 (4th Cir. Jan. 13, 2016); Resp. Ex. 2. A three-judge panel subsequently denied review, and rehearing en banc was denied on March 4, 2016. Id. On May 18, 2017, the Supreme Court of Virginia affirmed the conviction. Perry v. Commonwealth, R. No. 160530 (Va. May 18, 2017); Resp. Ex. 3.

Although the Supreme Court of Virginia awarded Perry three assignments of error, two

were affirmatively abandoned in his opening brief. Accordingly, the sole issue considered on the appeal was whether the Court of Appeals erred in finding that Perry was not denied his statutory right to a speedy trial under Va. Code § 19.2-243. In considering that question, the Supreme Court recited the following pertinent facts:[1]

> Perry was charged with malicious wounding. At his arraignment, he waived his right to counsel. Although Perry waived a preliminary hearing on June 14, 2014, the general district court held a preliminary hearing on July 28, found probable cause, and certified the charge to the grand jury. On August 13, Perry filed a motion in circuit court for the appointment of counsel, and Charles J. Homiller, Jr., was appointed to represent Perry on August 29. A grand jury subsequently indicted Perry on the malicious wounding charge, and the trial court set a November 5 hearing date.
>
> On September 17, 2014, the trial court entered a consent order granting a continuance of the November 5 hearing until December 4. The order indicated that Homiller and the Commonwealth agreed to the continuance anticipating that a five-day bench trial would begin at that time. The order states that "Counsel represents ... that the defendant agrees to the requested date and manner of trial." Approximately a month later, Perry wrote the Commonwealth's Attorney and the trial court advising that he "recently became aware of the continuance," but had not consented to it, and sought to reinstate that November 5 hearing date. Perry also stated his intent to discharge Homiller and proceed pro se.
>
> The trial court convened a hearing on November 26, 2014, and granted Homiller's motion to withdraw. Perry again expressed his intent to represent himself. He stated that he did not want a continuance, and the trial court set the next hearing date for December 4, stating it would consider motions and proceed to trial if time allowed.
>
> On December 4, 2014, Perry requested a jury trial but objected to any continuance. The trial court granted the request for a jury trial but

---

[1]Because a federal court on habeas review of a state conviction must defer to findings of fact made by state trial and appellate courts, 28 U.S.C. § 2254(d), it is appropriate to look to the state court's recitation of the salient facts.

2

determined that a continuance was necessary to empanel a jury. After consulting the trial court's calendar and the Commonwealth, the trial was set for February 9, 2015. Perry maintained his objection to any continuance after his statutory speedy trial deadline of December 29, 2014. Also on December 4, Perry offered sixteen pro se motions. Perry again declined counsel, requesting stand-by counsel instead. The court appointed T. Noel Brooks, who was present at the courthouse, to serve as stand-by counsel, and the court then proceeded to hear Perry's motions. After these motions were concluded, Perry requested appointed counsel, and Brooks agreed to continue as counsel.

On January 30, 2015, Brooks moved to withdraw citing "irreconcilable differences." Brooks further explained that the motion for withdrawal was due to ethical considerations and his refusal to file motions desired by Perry that he did not believe were warranted. The court granted the motion to withdraw and refused Perry's request to have new counsel appointed, noting that he had been unable to work with two attorneys and had twice offered to represent himself.

The jury trial was held on February 9, 2015. Perry moved to dismiss on speedy trial grounds, which the court denied. The jury convicted Perry of the lesser-included offense of unlawful wounding.

The Court of Appeals denied Perry's petition for appeal, finding that Perry, by counsel, had agreed to the continuance on December 4, 2014, and concluding that the trial court correctly held that the delay from December 4, 2014, to February 9, 2015, was chargeable to Perry.

Perry v. Commonwealth, R. No. 160350, slip op. at 1-2.

The Supreme Court of Virginia rejected Perry's claim that his statutory right to a speedy trial was violated:

> On appeal, a statutory speedy trial challenge presents a mixed question of law and fact: the law as set forth in Code § 19.2-243, and the facts concerning pretrial delays. The Court reviews legal questions de novo, while giving deference to the trial court's factual findings. Harris v. Commonwealth, 266 Va. 32, 581 S.E.2d 206, 209 (2003).

Virginia's speedy trial statute provides for, in the case of an incarcerated individual, a trial within five months of the date the general district court finds probable cause to believe the defendant has committed a felony, or five months from the indictment in the case of waiver of the preliminary hearing. Code § 19.2-243. As an initial matter, because a preliminary hearing was convened despite Perry's waiver, we accept Perry's calculation of the speedy trial deadline from July, as of the finding of probable cause, rather than from the date of the later September indictment.

The provisions of Code § 19.2-243 do not apply to a "continuance granted on the motion of the accused or his counsel, or by the concurrence of the accused or his counsel." § 19.2-243(4). As to the first continuance, the sole record memorializing the continuance is a consent order signed by Homiller on Perry's behalf, entered without objection. This alone is sufficient to toll the five-month speedy trial period for the purposes of the statute. Code § 19.2-243(4); see also Commonwealth v. Gregory, 263 Va. 134, 144, 557 S.E.2d 715, 720-21 (2002) ("[W]hen a defendant ... acquiesces in an order that effectively continues a case, the five-month speedy trial period of Code § 19.2-243 is tolled during the time reasonably specified by the court to carry out the terms of its order.") However, as the original trial date of December 4, 2014, was in any case within the five-month period, the more relevant objection pertains to the second continuance.

Any delay in the trial which is attributable to the defendant will not be counted in determining whether the Commonwealth complied with the statutory speedy trial mandate. O'Dell v. Commonwealth, 234 Va. 672, 681, 364 S.E.2d 491, 496 (1988). Accordingly, it has long been the law in the Commonwealth that tolling applies not only to explicitly requested continuances but also continuances that are necessitated by other motions or by actions of the defendant. ... Perry's original counsel expressed intent to proceed with a bench trial. The trial court became aware of the request for a jury trial on the day of the planned bench trial. Once aware of Perry's request to exercise his right to a jury trial, the trial court had no choice but to extend the requisite time to empanel a jury and provide notice to witnesses to appear on a different date. Perry's objection to a continuance does not alter the "act which necessitated a slowdown of the judicial process," and is fairly attributable to the defense. ... Furthermore, on the date originally set for trial, Perry asked for new counsel after previously stating he would proceed pro se. Again, this change in tactics fairly requires time for new counsel to prepare for

a jury trial, and newly appointed counsel did not object to the
February 9, 2015 trial date.

Delays necessitated by the defense are not attributable to the
Commonwealth and thus cannot violate the statute. O'Dell, 234 Va.
at 681, 364 S.E.2d at 496. Here, the actions of Perry and his various
defense counsel caused the trial to commence outside the statutorily
mandated period.

For the aforementioned reasons, the judgment of the Court of Appeals
is affirmed.

Perry v. Commonwealth, R. No. 160350, slip op. at 3-4, citations omitted.

Perry filed no state habeas corpus application. Instead, he turned to the federal forum and filed the instant petition for habeas corpus relief pursuant to § 2254.

## II. Federal Proceedings

In this federal action, Perry makes the following claims:

1. The Supreme Court of Virginia erroneously applied a state standard of review in its analysis of the appeal.

2. The Supreme Court of Virginia's May 18, 2017 Order misapprehends numerous facts of the record thus resulting in a denial of due process under the Fourteenth Amendment.

3. The courts indulge every reasonable presumption against waiver of a fundamental constitutional right.

4. The jury trial waiver required knowing, intelligent, and voluntary consent.

5. He was required to be physically present for any such waiver.

6. His attorney was required to obtain consent for any such waiver.

7. A criminal defendant is under no obligation to affirmatively assert a jury trial demand.

5

> 8. The Supreme Court of Virginia's May 18, 2017 Order violates the rule of lenity.
>
> 9. As a pretrial detainee he was deprived of a protected liberty interest set by Virginia state law resulting in a denial of due process under the Fourteenth Amendment.
>
> 10. The Virginia appellate courts violated his right to equal protection resulting in a denial of due process under the Fourteenth Amendment when they refused to expedite his appeals.

On October 10, 2017, respondent filed a Motion to Dismiss with a supporting brief and exhibits, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. [Dkt. No. 17 - 20] Perry submitted a response in opposition with a supporting brief on January 25, 2018. [Dkt. No. 27] An Order dismissing the petition as moot was entered following Perry's release from incarceration [Dkt. No. 29]; that order was vacated, the matter was remanded [Dkt. No. 36], and the mandate has issued. [Dkt. No. 39] Accordingly, this matter is now ripe for disposition on the merits.

## II. Exhaustion and Procedural Default

Before bringing a federal habeas petition, a person convicted of a state crime must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus

6

petition. Duncan v. Henry, 513 U.S. 364 (1995).

In addition, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Gray v. Netherland, 518 U.S. 152, 161 (1996). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. at 162. Therefore, such a claim is deemed to be simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

### III. No Cognizable Claims

None of the claims Perry asserts in this federal proceeding is cognizable on the merits, for the following reasons:

A. Claims 1, 2, 8, 9 and 10

In Claims 1, 2, 8, 9 and 10 of this federal petition, Perry contends that the Supreme Court of Virginia erred in various ways in denying relief on his direct appeal. In Claim 1, Perry argues that the Court erroneously applied a state standard of review to his claims regarding his demand for a jury trial and his right to a speedy trial. [Dkt. No. 7, Ex. A at 32-36] When Perry's discussion of the claim is read broadly, he seems to suggest that the issue of whether his right to a speedy trial was violated should be evaluated here as a denial of his federal rights:

> [T]he entire violation of Petitioner's right to a speedy trial was accomplished by way of an uncontested waiver of his federally protected, constitutional right to a trial by jury, and he was thus entitled to de novo consideration for both appeal proceedings with federal standards governing the analyses of those appeals.

7

Id. at 34, ¶ 50.

To the extent that Perry may intend to argue that the alleged infringement of his right to a speedy trial violated his federal constitutional rights, his claim is not cognizable. The sole argument Perry made regarding his right to a speedy trial at any stage of his state court proceedings was that the trial court "violated [his] statutory right to a speedy trial under Code § 19.2-243, by failing to bring him to trial within the five month period mandated by Virginia's Speedy Trial Statute." [Dkt. No. 23, Pet. for Appeal at 1] Accordingly, the only speedy trial issue which has been exhausted before the Supreme Court of Virginia is whether state statutory law was violated by the timing of Perry's trial; no claim regarding the violation *vel non* of Perry's federal rights was raised in or considered by the Virginia courts.

"A state prisoner is entitled to relief under § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" Billotti v. Legursky, 975 F.2d 113, 119 (4th Cir. 1992) (quoting Engle v. Isaac, 456 U.S. 107, 119 (1982)). For that reason, questions of state law that do not implicate federal rights are not cognizable on federal habeas review under § 2254. Id. (citing Inge v. Procunier, 758 F.2d 1010, 1014 (4th Cir. 1985)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Thus, an argument that rests solely on interpretation of a state statute "is simply not cognizable on federal habeas review." Larry v. Branker, 552 F.3d 356, 368 (4th Cir.), cert. denied, 130 S.Ct. 408 (2009). Here, then, the exhausted issue of whether Perry's right to a speedy trial as guaranteed by Virginia statute is not a matter for this Court's review, because even if Perry could prevail on such a claim it would not entitle him to relief under § 2254.

Moreover, this Court cannot accept Perry's implicit invitation to take up the question of whether his federal constitutional right to a speedy trial was violated at this juncture because he failed to exhaust that issue in the Virginia courts. Duncan, 513 U.S. at 364 (exhaustion accomplished only when both the same factual and legal claims have been raised and adjudicated in the state tribunal). It would be futile to allow Perry an opportunity to return to the state forum to attempt to exhaust such a claim at this juncture, because it would be procedurally defaulted. Sup. Ct. of Va. Rules 1:1, 5:5; Bassette, supra. Accordingly, Claim 1 of this petition must be dismissed.

In Claim 2, Perry asserts that the Supreme Court of Virginia "misapprehend[ed] numerous facts of the record" in its opinion affirming his conviction, such that his right to due process was violated. In Claim 8, he contends that the Court in its opinion violated the rule of lenity. And in Claim 9, he argues that because he never personally consented to any delay in the trial, the Court erred in finding that the requirements of Va. Code § 19.2-243 were met, thereby depriving him of due process. None of these arguments has been exhausted in the state forum, and all are now procedurally defaulted. More importantly, however, none of these contentions is an argument that Perry is "in custody in violation of the Constitution or laws or treaties of the United States;" rather, they amount to attempts to have this Court review the merits of the Supreme Court of Virginia's decision on his direct appeal. It is clear that this Court lacks jurisdiction to do so. The United States Supreme Court has held that "[if] the constitutional claims presented to a United States district court are inextricably intertwined" with the merits of a state court judgment, "then the district court is in essence being called upon to review the state-court decision ... [which] the district court may not do." Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n. 18 (1983) (noting that "[r]eview of such determinations can be

obtained only in [the Supreme Court of the United States]."). Accordingly, Claims 2, 8 and 9 of this petition state no claims for federal habeas corpus relief, and will be dismissed.

B. Claims 3 through 7

In Claims 3 though 7 of his federal petition, Perry challenges the lawfulness of the waiver of his right to a jury trial during his representation by the first attorney appointed to represent him. As is made abundantly clear in the opinion of the Supreme Court of Virginia and by the trial records supplied by the state courts, however, the court granted Perry's request for a jury trial after that counsel withdrew, and Perry actually was tried by a jury. Accordingly, any claims regarding alleged errors in the initial waiver of a jury trial are now moot.[2]

C. Claim 10

In Claim 10, Perry contends that both the Virginia Court of Appeals and the Supreme Court of Virginia violated his rights to due process and equal protection by declining to expedite his appeals, "probably ... due to his disadvantaged socioeconomic position incurred by being held without bail," thereby "hold[ing] him to a completely different standard than all other similarly situated litigants." Dkt. No. 7 at 54 - 55. This claim suffers from the same impediments as do all of Perry's earlier arguments: it has not been exhausted in the state forum, and for that reason alone is not cognizable here. Moreover, even if it had been, there is no authority for the proposition that any litigant's constitutional rights are violated when a court in its discretion declines to grant an expedited appeal.

---

[2]An issue becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). The mootness inquiry thus focuses on whether the court can grant petitioner the relief he requests. Salgado v. Fed. Bureau of Prisons, 220 Fed. Appx. 256, 257 (5th Cir. 2007). Here, then, once Perry received his desired trial by jury, any issue regarding the propriety of his earlier waiver of such a trial were rendered moot. Id.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this 18th day of December 2018.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge